UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-25(JMR/FLN)

| | |
|---|---|
| MICHAEL JAY MOLZEN, Petitioner/Movant, v. UNITED STATES OF AMERICA, Respondent. | GOVERNMENT'S RESPONSE TO PETITIONER'S VERIFIED MOTION FOR EXPANSION OF THE RECORD PURSUANT TO FEDERAL RULE CRIMINAL PROCEDURE 32 |

Defendant Michael Molzen has filed a motion for "Expansion of the Record Pursuant to Federal Rule Civil Procedure 32". Molzen seeks to be transferred from FCI Oxford to a facility in Minnesota; apparently the BOP denied his request because the facts set forth in his PSI indicate a "history of violence" which precludes such a transfer. The history of violence is based upon the defendant's flight to elude arrest. Molzen requests that the Court amend his PSI "to correct this mischaracterization of arrest conduct".

The PSI documents the defendant's dangerous and violent attempt to run from the police. See PSI paragraph 21, paragraph 30, and paragraph 36. Further, these facts were litigated at the detention hearing and the defendant's subsequent motion to review detention order. Magistrate Judge Cudd found, in his detention order (copy attached), that:

> As the arrest teams were arriving Agent Harford testified that Molzen began to drive away at a high rate of speed in an attempt to flee the area. Hennepin County Deputy Sheriff Todd Nelson attempted to block Molzen, however the Suburban hit Deputy Nelson's vehicle and veered off. Defendant Molzen then hit Hennepin County Deputy Steve Wood's vehicle and veered off again in an attempt to flee. A Lakeville Police Department marked squad was

> also hit by the Suburban which then departed the truck stop area at a high rate of speed.
>
> Agent Harford further testified that police vehicles then followed the Suburban east bound on County Road 70 for approximately 6 miles. A Lakeville police officer deployed a stop stick which flattened the front two tires of the Suburban. The Suburban continued on. Then after approximately 4 miles, the Suburban finally stopped, and Molzen and the minor were taken into custody. Inside the rear area of the Suburban were 13 produce boxes containing 30 bundles of marijuana.

While the defendant has, since the time of his sentencing, argued that he initially didn't realize he was fleeing from police officers, he has not disputed the violent nature of his flight. This is seen in his own statement of the facts set forth in his present motion, found at pages 4-6.

Further, the defendant admitted as part of his plea agreement, paragraph 12 that:

> At the time of his arrest, the defendant was driving a Suburban and he attempted to avoid capture. During the defendant's flight his Suburban crashed into three separate unmarked police cars. The defendant agrees that in doing so he recklessly created a substantial risk of death or serious bodily injury to the officers inside the vehicles. The parties agree that a two point enhancement under § 3C1.2 "Reckless Endangerment During Flight" should be applied to the offense level.

The defendant correctly notes that at the time of sentencing, the Court did not apply the two point enhancement under § 3C1.2 but rather applied two points for Obstruction of Justice, § 3C1.1. See sentencing transcript, pages 15, 27-28.

Presumably, the Court applied § 3C1.1 as a result of the attempt to elude arrest. See Commentary, application note 4(e)

("escaping or attempting to escape from custody before trial" is an example of the type of conduct to which adjustment applies).

The defendant requests that the Court supplement the PSI to add specific written findings to support the Court's decision to apply the Obstruction of Justice enhancement; in making this request, the defendant assumes the attempted escape is not the basis for the Court's decision and therefore asks the Court to remove all references to it.

While the Court does not have the authority to amend the PSI and judgment under Rule 32, it may well have that authority under Rule 36, which provides:

> After giving any notice it considers appropriate, the Court may at any time correct a clerical error in a judgment, order or other part of the record or correct an error in the record arising from oversight or omission.

If the defendant is correct that the Court's basis for applying the Obstruction of Justice enhancement was for something <u>other than</u> his attempt to elude arrest, then the Court would have authority to reflect that in the PSI.

However, the government objects to this request because it appears that the Court applied the two point Obstruction of Justice enhancement for the attempt to escape. If the government is correct, the underlying factual basis relating to the flight should not be removed from the PSI.

If, on the other hand, the government is wrong in its assumption, the government has no objection to the appropriate modification.

Dated: November 2, 2004

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/James E. Lackner
BY: JAMES E. LACKNER
Assistant U.S. Attorney
Attorney ID Number 59298