Jim Lackner

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. ~~99-MG-5 (JEC)~~ 00-M-5 ~~5 RM~~ FLN JEC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | DETENTION ORDER |
| v. | ) | |
| JOSEPH CHARLES PELCHAT, AND MICHAEL JAY MOLZEN, Defendants | ) | |

This matter came on before the undersigned on January 6, 2000, upon the motion of the United States for a Detention Order pending trial. Defendant Pelchat was present and represented by Henry Martinez, Esq. Defendant Molzen was present and represented by Steven Grimshaw, Esq. The United States was represented by Assistant U.S. Attorney James E. Lackner.

Based upon the evidence adduced, it is the conclusion of the undersigned that no condition or combination of conditions will reasonably assure the appearance of either defendant in court, as well as the safety of the community. Therefore an Order of Detention is issued pursuant to Title 18, United States Code, Section 3142(e).

Both defendants are charged with conspiracy to distribute over 100 kilograms of marijuana, for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act.

At the hearing, the United States called Special Agent Jeff

FILED JAN 18 2000
FRANCIS E. LOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

Harford of the DEA. Agent Harford testified that on January 3, 2000, a confidential source, under the supervision of the DEA, contacted Pelchat and set up a meeting to deliver approximately 500 pounds of marijuana. The meeting occurred at an Embers restaurant in Bloomington, Minnesota. Pelchat arrived in a Suburban with two other males identified as defendant Molzen and a minor.

Defendant Pelchat met with the confidential source in the Embers. Harford testified that during the meeting arrangements were made to offload the marijuana at a nearby truckstop. After the meeting, Pelchat got back into the Suburban with the other two persons. Shortly thereafter surveillance officers observed the Suburban with Pelchat, Molzen and the minor near the agreed upon location for the delivery of the marijuana. Agent Harford testified to the details of the transfer of the marijuana from the confidential source to defendants Pelchat, Molzen and the minor. He also testified that an arrest signal was given by undercover Hennepin County Deputy Sheriff Robert Fischer who was acting as the semi-truck driver.

As the arrest teams were arriving Agent Harford testified that Molzen began to drive away at a high rate of speed in an attempt to flee the area. Hennepin County Deputy Sheriff Todd Nelson attempted to block Molzen, however the Suburban hit Deputy Nelson's vehicle and veered off. Defendant Molzen then hit

Hennepin County Deputy Steve Wood's vehicle and veered off again in an attempt to flee. A Lakeville Police Department marked squad was also hit by the Suburban which then departed the truck stop area at a high rate of speed.

Agent Harford further testified that police vehicles then followed the Suburban east bound on County Road 70 for approximately 6 miles. A Lakeville police officer deployed a stop stick which flattened the front two tires of the Suburban. The Suburban continued on. Then after approximately 4 miles, the Suburban finally stopped, and Molzen and the minor were taken into custody. Inside the rear area of the Suburban were 13 produce boxes containing 30 bundles of marijuana.

At the time that defendant Molzen was attempting his escape, defendant Pelchat, who has several prior convictions for narcotics trafficking, ran away in an attempt to flee the scene. He was stopped by several officers.

Based upon the above evidence, the Court finds that there is clear and convincing evidence that there is no condition or combination of conditions of release which can reasonably assure the appearance of the defendants in Court or assure the safety of the community.

For the foregoing reasons, upon the evidence adduced, and upon the arguments of counsel, IT IS HEREBY ORDERED that:

1. The motion of the United States for the detention of

defendants Pelchat and Molzen is granted.

2. The defendants are committed to the custody of the Attorney General for confinement in a corrections facility separate to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendants shall be afforded reasonable opportunity to consult with their attorneys;

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendants are confined shall deliver them to the United States Marshal for the purpose of appearance in connection with any court proceeding.

Dated: January 18, 2000.

J. EARL CUDD
UNITED STATES MAGISTRATE JUDGE