Original

RECEIVED
BY MAIL

NOV 12 2004

CLERK US DIST COURT
MINNEAPOLIS MN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL JAY MOLZEN,<br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | Criminal No. 00-25 (JMR/FLN)<br><br>The Honorable James M. Rosenbaum<br>Chief U.S. District Judge |

REPLY TO GOVERNMENT'S RESPONSE
TO MOTION FOR EXPANSION OF THE RECORD

COMES NOW Michael Jay Molzen ("Molzen"), pro se movant, and replies to the Government's Response to Petitioner's Verified Motion for Expansion of the Record Pursuant to Federal Rule Criminal Procedure 32. In support of this Reply, Molzen states as follows:

The above-referenced response to Molzen's motion to expand the record states that the "PSI documents the defendant's dangerous and violent attemt to run from police (Gov't Response, p.1), that the Magistrate at Molzen's detention hearing heard testimony that was consistant with this position (although inconsistant with Pretrial Services Report, submitted as Exhibit C in Molzen's Motion to Expand the Record), and that Molzen's plea agreement concurred with a finding of "Reckless Endangerment" (Gov't Response, pp. 1 and 2).

The Government, however, concedes that, at the time of sentencing, "the Court did not apply the two point enhancement under 3C1.2 [Reckless Endangerment] but rather applied two points

for Obstruction of Justice" (Gov't Response, p. 2). Under the provisions of Bureau of Prison ("BOP") policy, the two enhancements are treated significantly different for classification purposes. (See generally BOP P.S. 5100.07).

The Government's Response acknowledges and accepts Molzen's statement of fact, as well as Molzen's ongoing assertion that he was initially unaware of law enforcement's role the night of his arrest. (Gov't Response, p. 2). While one one can dispute the "violent nature" of the events of that evening, the disputed facts as to acts of the parties involved has been misrepresented in the PSI.

The Government "presumes" the basis of the Court's application of Obstruction of Justice, over that of Reckless Endangerment recommended by the plea agreement and the PSI, and the government objects to this reqquest for expansion of the record "because it appears that the Court applied Obstruction of Justice for the attempt to escape." (Gov't Response, p.3). These presumptions are not supported by the present record at sentencing in the instant case.

Because of the great reliance on the PSI by the BOP, Rule 32 is a "mandatory procedure for resolving factual disputes at the sentencing phase at trial." United States v Garbett, 867 F.2d 1132, 1136 (8th Cir. 1989).

Rule 32 states:

(3) Court Determinations. At sentencing, the Court:

(C) must append a copy of the Court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Rule 32(i)(3)(C), F.R.Crim.P. (2004)

The Government states "the Court does not have the authority to amend the PSI and judgment under Rule 32," (Gov't Response, p. 3) but cites Rule 36, F.R.Crim.P., as a possible alternative "to correct an error in the record arising from oversight or omission." Id.. Molzen agrees that the relief requested in the instant motion, requesting physical alteration of the PSI, may be outside of the Court's authority. However, the request for the supplemental record to provide specific findings by the Court for its ruling for Obstruction of Justice over the PSI recommendation of Reckless Endangerment, and to supply this supplemental record to the BOP and order the BOP to append these findings to the PSI on record, is specifically provided and required by Rule 32, F.R.Crim.P..

Should the Court find Rule 36, F.R.Crim.P, more appropriate to correct this omission and to meet the requirements of Rule 32, Molzen will not object to construing this request for relief as one pursuant to Rule 36.

WHEREFORE Molzen continues to pray that this Honorable Court:

(1) Supplement the record with specific writen findings to support the Court's determination of Obstruction of Justice over that of Reckless Endangerment as provided in the PSI;

(2) Order the BOP to append the PSI in Molzen's file with these supplemental written findings; and/or

(3) Provide any other relief this Court deems just, fair and proper.

Respectfully submitted,

Date: November 8, 2004

Michael Jay Molzen, pro se
Reg. No. 09229-041
P.O. Box 1000
Oxford, WI 53952

CERTIFICATE OF SERVICE

THIS WILL CERTIFY that the foregoing Reply to the Government's Response has been provided to the respondent, through AUSA James Lackner, by placing it in a sealed envelope, first class postage prepaid, and depositing it in the legal mail receptacle at the institution addressed as follows:

James Lackner, AUSA
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

on this 8th day of November, 2004. I, Michael Jay Molzen, declare this true and correct, under the penalty of perjury, as provided by 28 U.S.C. § 1746.

Michael Jay Molzen, affiant