# United States Court of Appeals
FOR THE EIGHTH CIRCUIT

Nos. 03-1580/1593

CR 00-25 (2) JMR/FLN

United States of America, *
*
Appellee, *
* Appeals from the United States
v. * District Court for the
* District of Minnesota.
Michael Jay Molzen, *
* [PUBLISHED]
Appellant. *

Submitted: May 11, 2004
Filed: September 3, 2004

Before WOLLMAN, HANSEN, and BYE, Circuit Judges.

HANSEN, Circuit Judge.

Pursuant to a written plea agreement, Michael Jay Molzen pleaded guilty to Count I of a superseding indictment, charging him with conspiring to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846 (2000). The district court[1] sentenced him to 100 months in prison and four years of supervised release, and ordered him to pay $10,000 in restitution.

[1] The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

FILED DEC 13 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

SCANNED
DEC 13 2004
U.S. DISTRICT COURT ST. PAUL

On appeal, Molzen's counsel filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). We dismissed the appeal because, as part of the plea agreement, Molzen had waived his right to appeal his sentence.

Molzen then filed a 28 U.S.C. § 2255 (2000) motion raising three claims, including that the district court had failed to advise him during the change-of-plea colloquy that restitution could be imposed, as required by Federal Rule of Criminal Procedure 11(c). The district court denied Molzen's § 2255 motion but granted him a certificate of appealability on the restitution issue. Molzen twice moved this court to expand the certificate of appealability, and we denied each request.

Molzen also filed in the district court a motion to correct the judgment of conviction, apparently under Federal Rule of Criminal Procedure 36. He argued that the judgment should reflect a conviction for conspiring to distribute and possess with intent to distribute an unspecified amount of marijuana, not for conspiring to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana. The district court denied Molzen's motion, and he appealed.

We consolidated the two appeals, and we now affirm.

First, assuming *arguendo* that the district court's failure to comply with Rule 11(c) is cognizable in this § 2255 proceeding, but see United States v. Timmreck, 441 U.S. 780, 781-85 (1979), Molzen is entitled to no relief. Because he did not object at the change-of-plea hearing when the district court failed to advise him about restitution, we review only for plain error, see United States v. Vonn, 535 U.S. 55, 63 (2002), requiring Molzen to demonstrate a reasonable probability that he would not have pleaded guilty if the district court had advised him that he could be required to pay $10,000 in restitution, see United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004). Molzen cannot make such a showing because he was advised by the district court at the change-of-plea hearing and by the government in the plea

agreement that he could be fined up to $2,000,000. "Although Federal Rule of Criminal Procedure 11(c) requires the district court to explain a defendant's liability for both fines and restitution, we hold that failure to do so does not impact a defendant's substantial rights where he was warned of a potential fine larger than the actual amount of restitution ordered." United States v. Morris, 286 F.3d 1291, 1294 (11th Cir. 2002) (collecting cases from seven other circuits).

Second, Molzen's motion to correct the judgment was without merit. He pleaded guilty to a superseding indictment that charged him with a quantity of more than 1,000 kilograms of marijuana; he was advised by the district court at the change-of-plea hearing and by the government in the plea agreement of the penalties corresponding to that drug quantity; and he was reminded by the district court at the outset of the sentencing hearing that he had pleaded guilty to a quantity of more than 1,000 kilograms of marijuana. The judgment of conviction thus accurately reflects that Molzen was convicted of conspiring to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana.

Accordingly, we affirm the judgment of the district court.

---