Original

RECEIVED
BY MAIL
FEB 28 2005
CLERK US DIST COURT
MINNEAPOLIS MN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
NO. 00-CR-25-02 JMR/FLN

MICHEAL JAY MOLZEN,
Movant,

vs.

UNITED STATES OF AMERICA,
Respondent.

Case No. 00-CR-25(02) JMR/FLN

MOTION TO AMEND
ORDER OF RESTITUTION

COMES NOW movant Michael Jay Molzen ("Molzen"), pro se, and moves this Honorable Court for an evidentiary hearing to address questions of law and fact as to the Order of Restitution in this instant case.

Molzen presents to this Court the following two questions in consideration of this request to provide remission or the amendment of the Order of Restitution provided by this Court in Case No. 00-CR-25(02) on November 30, 2000.

(1) DID THE SENTENCING COURT PROPERLY TAKE INTO CONSIDERATION THE REQUIREMENTS OF THE VICTIM AND WITNESS PROTECTION ACT (18 U.S.C. § 3663) IN ORDERING RESTITUTION IN THIS INSTANT CASE?

(2) DOES THE JUDGMENT IN A CRIMINAL CASE FOR THE INSTANT MATTER CLEARLY PROVIDE FOR THE PAYMENT OF THE ORDERED RESTITUTION IN A MANNER REQUIRED BY ACT OF CONGRESS AND U.S. CRIMINAL CODE?

Should this Court answer no to either the above questions, Molzen prays that he be provided an evidentiary hearing to address the omissions, through findings of issues of law and fact, as applied to this instant case.

In support of this motion, Molzen states the following, under penalty of perjury as provided by 28 U.S.C. § 1746.

I. STATEMENT OF FACTS

(1) Prior to Molzen's arrest in this instant case, several vehicles were damaged at the scene.

(2) The Government's proposed plea agreement did not address the need for restitution for this damage.

(3) During the Change of Plea proceedings, there was no mention of the possibility of restitution in this instant case. The Court ordered a Presentence Investigation Report ("PSI") prepared by the U.S. Probation Office before sentencing. See Change of Plea Transcripts, p.

(4) The PSI stated the damage to law enforcement vehicles, in relation to this case, amounted to $10,427.36. See PSI, p. 5.

(5) The PSI, Part D - Sentencing Options, stated 18 U.S.C. § 3663 and the Victim and Witness Protection Act ("VWPA") applied to this offense and a restitution order was authorized under the U.S. Sentencing Guidelines ("USSG") section 5E1.1. See PSI, p. 15.

(6) The PSI lists a work truck and tools valued at $4500.00 as Molzen's assets. The PSI found Molzen had liabilities of $46,500.00. Based upon these findings, the PSI found "it does not appear the defendant would have the ability to pay a fine." PSI, p. 14.

(7) Molzen now finds the above assets valueless. Molzen has additional liabilities, not included in the PSI, near $40,000. Molzen's current liabilities are now over $85,000.00.

(8) The Judgment in a Criminal Case ("Judgment"), within the Statement of Reasons, provide:

> "[t]he Court adopts the factual findings and guideline application in the presentence report, except as indicated at the hearing. ... Restitution $10,000. No fine is imposed based on defendant's inability to pay. Full restitution is not ordered as set forth at the hearing.

See Judgment, p. 5.

(9) The Judgment also ordered 100 months incarceration within the Federal Bureau of Prisons ("BOP"). It also states that restitution is to be paid "as soon as possible" and payment divided proportionately among the payees named in the order. See Judgment, p. 2.

(10) While incarcerated within the BOP, Molzen has continued to participate in the Inmate Financial Responsibility Program and presently provides one half of his prison earnings toward payment of this restitution, even though there is no specific schedule of payments or amounts of such payments provided within the Order.

(11) Molzen finds the Judgment and records of the proceedings available to him insufficient and devoid of the facts that the court was required to consider for this Order of Restitution as required by law.

In support of this motion, Molzen provides the following federal law and case authority to support the granting of an evidentiary hearing.

In the instant case, an evidentiary hearing to provide a proper record addressing the issues involved in any restitution is requested to provide the basis according to federal law and, once ordered in accordance to these provisions, to provide a specific schedule of payments, the amount of these payments, and the time in which restitution must be paid. These positions are

supported by the requirements of the U.S. Criminal Code ("U.S. Code"), USSG, and Eighth Circuit case authority.

Molzen provides the basis in law as follows:

II. MEMORANDUM OF LAW

(1) The discretionary nature of restitution orders is dictated by 18 U.S.C. § 3663(a)(1)(B)(i) and USSG 5E1.1(a)(1)(B)(i). These provisions require the court to consider the amount of restitution to each victim, as well as the financial resources, needs, and earning ability of the defendant. The Eighth Circuit held that restitution orders must be consistant with the USSG. United States v Mitchell, 893 F.2d 935, 936 (8th Cir. 1990).

(2) The court is to consider restitution under the strictures of the U.S. Code and Acts of Congress. Restitution under the VWPA is not inevitable. United States v Owens, 901 F.2d 1457, 1459 (8th Cir. 1990).

(3) 18 U.S.C. § 3664, infra, provides that orders of restitution are governed by 18 U.S.C. § 3572(a) (1999), which states:

> In determining whether to impose a [restitution order], and the amount, time for repayment, and method of payment ..., the court shall consider ... (1) defendant's income, earning capacity, and financial resources; (2) the burden that the [restitution order] will impose upon the defendant ... relative to the burden that alternative punishment would impose; ...

See also Kok v United States, 17 F.3d 248, 251 (8th Cir. 1994) (Sentencing court to make specific findings on the record concerning defendant's ability to pay restitution.); United States v VanBrocklin, 115 F.3d 587, 602 (8th Cir. 1997) (Sentencing court to consider a number of factors in determining whether to order restitution).

(4) Under U.S. Code, the procedures found in 18 U.S.C. § 3664

are required of all orders of restitution. 18 U.S.C. § 3556 (1999).

(5) The U.S. Code provides:

> Upon determination of the amount of restitution owed to each victim, the court shall pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of --
>
> (A) the financial resources and other assets of the defendant ...;
>
> (B) projected earnings and other income of the defendant; and
>
> (C) any financial obligations of the defendant ....

18 U.S.C. § 3664(f)(2) (1999).

(6) The time and method of payment must be provided for in the judgment and restitution order. 18 U.S.C. § 3572(d) (1999).

(7) This section also states:

> If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.

18 U.S.C. § 3572(d)(1) (1999)

(8)This section continues, stating:

> If the judgment, or, [restitution order] permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made.

18 U.S.C. § 3572(d)(2) (1999). See also United States v McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001) (District court must set the manner of payments and length of time over which payments shall be made).

(9) The schedule of payments must be included in the judgment if payments are permitted under 3572(d). 18 U.S.C. § 3612(b)(1)(D) (1999). See also United States v VanHorn, 296 F.3d 713, 720 (8th

Cir. 2002) (Judgment that does not set schedule of payment is contrary to law).

(10) Section 3664 provides:

> the restitution order may direct the defendant to make nominal periodic payment if the court finds from the facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of the restitution order in the foreseeable future under any reasonable schedule of payments.

18 U.S.C. § 3664(f)(3)(B) (1999). See also United States v Johnson, 327 F.3d 758, 759 (8th Cir. 2003) ("The law requires that a district court take into account a defendant's ability to pay when setting a schedule for restitution payments").

III. CONCLUSION

Molzen finds the record touches only on his dismal economic circumstances, not on the facts that are required, by Act of Congress, to support an order of restitution. Should these facts be provided outside the record he possesses, Molzen finds the Order devoid of any specific schedule of payments, amounts of equal payments, or the time in which the amount is to be paid.

Based upon the above stated facts, the U.S. Criminal Code, and Eighth Circuit case authority, Molzen prays that this Court provide the following relief:

(1) GRANT an evidentiary hearing to develop the record on the issue of restitution in this instant case;

(2) Upon the findings of the Court on this record, to provide:

(a) remission of Order for payment of restitution;

(b) Order nominal payments within a specific schedule until Molzen's economic situation improves; or

(c) Amend the Order to detail the manner of payments, the amounts of equal payments, and the time in which restitution is to be paid.

Respectfully submitted,

Dated: February 22, 2005

Michael Jay Molzen, pro se
Reg. No. 09229-041
P.O. Box 1000
Oxford, WI 53952

CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true copy of the above Motion for Evidentiary Hearing on Issue of Restitution has been provided respondent by placing it in a sealed envelope, first class postage prepaid, and depositing it in the legal mail receptacle at the institution addressed as follows:

James Lackner, AUSA
U.S. Attorney's Office
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

on this 24 day of February, 2005.

ATTESTATION

I, Michael Jay Molzen, declare the above Motion and Certificate are true and correct to the best of my knowledge and belief, under the penalty of perjury, as provided by 28 U.S.C. § 1746.

Michael Jay Molzen, affiant